JAMES J. LEWIS, Plaintiff-Employee v. NORTH CAROLINA DEPARTMENT OF
CORRECTION, Defendant-Employer

No. COA99-366

(Filed 20 June 2000)

**Workers' Compensation— second deputy commissioner's opin-
ion—first not res judicata**

The Industrial Commission erred by concluding in a workers'
compensation action on appeal from the second deputy commis-
sioner's opinion that a claim by plaintiff that post-traumatic stress
arising from his job as a prison guard aggravated his diabetes was
res judicata. Res judicata is defined as a final judgment; here, an
application for review to the Commission within 15 days of the
deputy commissioner's order prevented the second deputy com-
missioner's order from becoming final. Additionally, it is the duty
of the Commission to decide all matters in controversy between
the parties and defendant, having filed a Form 44, is entitled to
have the full Commission respond to the questions directly raised
by its appeal.

Appeal by defendant from opinion and award entered 23
November 1998 by the North Carolina Industrial Commission. Heard
in the Court of Appeals 6 January 2000.

*Patterson, Harkavy & Lawrence, L.L.P., by Henry N. Patterson,
Jr. and Martha A. Geer, for plaintiff-employee.*

*Attorney General Michael F. Easley, by Assistant Attorney
General Don Wright, for defendant-employer.*

McGEE, Judge.

Plaintiff James J. Lewis suffered from post-traumatic stress dis-
order while working as a probation and parole officer for defendant
North Carolina Department of Correction.

Plaintiff filed a Form 18 on 6 October 1992, seeking worker's com-
pensation benefits. A hearing was held on 17 October 1994 before a
deputy commissioner (first deputy commissioner), who entered an
award for plaintiff in the amount of $293.14 per week from 10
September 1992 to 13 November 1995 for temporary total disability,
medical expenses incurred as a result of the occupational disease,
and attorney's fees. The first deputy commissioner amended the opin-

ion and award on 26 March 1996 regarding temporary total disability compensation. Defendant appealed this decision but later withdrew its appeal.

The Department of Correction did not pay the benefits under the 26 March 1996 opinion and award until 3 June 1996. On 21 June 1996, plaintiff requested a hearing regarding tax treatment of compensation, defendant's refusal to pay a ten percent penalty for late payment, defendant's refusal to pay the full amount of attorney's fees, and plaintiff's proposed rehabilitation plan. Plaintiff filed a motion to compel payment and for other relief on 30 September 1996, stating in part that:

> 11. Plaintiff has submitted to Defendant medical bills for treatment for exacerbation of his diabetes related to the stress full [sic] conditions of his employment . . . . Plaintiff has obtained a medical opinion letter from Dr. Gianturco . . . indicating that these bills are related to the post-traumatic stress disorder. The Commission's order unequivocally states that Defendant shall pay medical costs incurred as a result of the covered occupational disease. Therefore these bills must be paid by Defendant.

On 11 October 1996, the Industrial Commission's executive secretary stated in an order that plaintiff's motion would be held in abeyance until heard before a deputy commissioner.

A hearing was held on 24 January 1997. A second deputy commissioner (second deputy commissioner) entered an interlocutory opinion and award on 21 April 1997 stating in the conclusions of law:

> 4. The parties shall have sixty days in which to have Plaintiff submit for a current evaluation and submit the results to the undersigned. At that time, a decision will be rendered as to the medical causation for Plaintiff's diabetes and periodontal problems.

The second deputy commissioner filed an opinion and award on 12 November 1997 finding:

> 10. The issue regarding Plaintiff's diabetes has been previously addressed in an Opinion and Award and is *res jusicata* [sic], since the Defendant provided no evidence that Plaintiff has suffered a change of condition for the better, the decision in the previous Opinion and Award stands.

The second deputy commissioner then concluded that:

2. Since the issue regarding Plaintiff's diabetic condition has already been addressed by [a] former Deputy Commissioner . . . in a prior Opinion and Award, that issue is *res judicata* and will not be addressed by the undersigned.

Defendant appealed to the full Commission.

The Commission modified and affirmed the opinion and award of the second deputy commissioner in an order entered 23 November 1998, finding as fact that:

10. The issue regarding Plaintiff's diabetes has been previously addressed in an Opinion and Award and is *res jusicata* [sic]. Since the Defendants provided no evidence that Plaintiff has suffered a change of condition for the better, the decision in the previous Opinion and Award stands.

Defendant appeals, contending the Commission erred in concluding that plaintiff's diabetes claim was *res judicata* because the first deputy commissioner's opinion and award failed to determine whether plaintiff's post-traumatic stress disorder caused or aggravated his diabetes. Plaintiff filed a cross-assignment of error arguing the Commission failed to find and conclude that the record establishes that the compensable post-traumatic stress disorder caused an aggravation of his diabetes.

The Commission is not an appellate court. *Joyner v. Rocky Mount Mills*, 92 N.C. App. 478, 482, 374 S.E.2d 610, 613 (1988). "It is a quasi-judicial agency with statutory authority to make findings of fact, state conclusions of law and enter an order resolving the issues between the employee and the employer and the employer's insurance carrier, if any, arising out of the application of the Worker's Compensation Act." *Vieregge v. N.C. State University*, 105 N.C. App. 633, 639-40, 414 S.E.2d 771, 775 (1992).

The Commission's decision not to review the record to determine whether plaintiff's post-traumatic stress disorder caused an aggravation of his diabetes was in error. First, *res judicata* is defined as a *final judgment* on the merits, *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986), and the application for review to the Commission within fifteen days of the deputy commissioner's order prevents the deputy commissioner's order from becoming final. N.C. Gen. Stat. § 97-85 (1991). *See, e.g., White v. Air Systems, Inc.*, 800 S.W.2d 726, 728 (Ark. App. 1990); *see also Wilson*

*v. Cargill, Inc.* 873 S.W.2d 171, 172 (Ark. App. 1994). In the case before us, the second deputy commissioner concluded that the issue regarding plaintiff's diabetes was *res judicata* because the first deputy commissioner had already addressed the issue in a prior opinion and award. The Commission's finding that "[t]he issue regarding Plaintiff's diabetes has been previously addressed in an Opinion and Award and is *res jusicata* [sic]" incorrectly applies the doctrine of *res judicata* because the second deputy commissioner's conclusion of law about plaintiff's diabetes claim was not a final decision.

Secondly, defendant filed a Form 44 "Application For Review" with the Commission on 30 March 1998 stating, "[t]he issue of diabetes has not been addressed and, therefore, the original decision in this case is not res judicata as to that issue." "This Court has held that when the matter is 'appealed' to the full Commission pursuant to G.S. 97-85, it is the duty and responsibility of the full Commission *to decide all of the matters in controversy between the parties.*" *Vieregge*, 105 N.C. App. at 638, 414 S.E.2d at 774 (emphasis added) (citation omitted). Defendant in this case, having filed a Form 44, "is entitled to have the full Commission respond to the questions directly raised by [its] appeal." *Id.* at 639, 414 S.E.2d at 774. The finding of *res judicata* by the Commission failed to address the issue of plaintiff's diabetes claim and thus failed to satisfy the Commission's statutory duty under N.C.G.S. § 97-85. *See id.* at 639, 414 S.E.2d at 775.

The Commission erred in concluding that the plaintiff's diabetes claim was *res judicata*. Upon remand, the Commission shall "conduct a hearing, make its own findings of fact and conclusions of law and enter an order resolving" the issue of whether plaintiff's post-traumatic stress disorder aggravated his diabetes. *Id.* at 641, 414 S.E.2d at 776. With this remand to the Commission, "it is not sufficient . . . for the full Commission, to then remand the case to the deputy to carry out its duties. Such procedure merely extends the time to a final order in a case already too long delayed." *Id.* at 641-42, 414 S.E.2d at 776.

Vacated and remanded.

Judges JOHN and HUNTER concur.