PUCKETT v. NORANDAL USA, INC.

[211 N.C. App. 565 (2011)]

---

DERWOOD SINK PUCKETT, Plaintiff v. NORANDAL USA, INC., Employer, and CIGNA/ACE USA/ESIS, Carrier, Defendants

No. COA10-805

(Filed 3 May 2011)

**Workers' Compensation— calculation of accrued interest— date of initial hearing**

The Industrial Commission erred by denying plaintiff's motion to have the accrued interest related to his workers' compensation benefits calculated from 1 March 2004 instead of 1 May 2006. The initial hearing concerning plaintiff's claim for purposes of N.C.G.S. § 97-86.2 was held on 1 March 2004. The case was remanded to the Commission for further proceedings.

Appeal by plaintiff from Opinion and Award entered 5 April 2010 by the North Carolina Industrial Commission. Heard in the Court of Appeals 13 December 2010.

*Wallace and Graham, P.A., by Edward L. Pauley, for Plaintiff-appellant.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Harmony Whalen Taylor and M. Duane Jones, for Defendant-appellees.*

ERVIN, Judge.

---

PUCKETT v. NORANDAL USA, INC.

[211 N.C. App. 565 (2011)]

Plaintiff Derwood Sink Puckett appeals from an Opinion and Award entered by the Industrial Commission denying Plaintiff's motion to have the accrued interest relating to his workers' compensation benefits calculated from 1 March 2004 instead of from 1 May 2006. On appeal, Plaintiff argues that a hearing held on 1 March 2004 should be treated as the initial hearing held with respect to his workers' compensation claim for interest-related purposes, so that the amount of interest accrued with respect to his award should be calculated from that date. After careful consideration of Plaintiff's challenge to the Commission's decision in light of the record and the applicable law, we conclude that Plaintiff's argument has merit, that the Commission's order should be reversed, and that this matter should be remanded to the Commission for further proceedings not inconsistent with this opinion.

## I. Factual Background

Defendant Norandal USA, Inc., owns and operates an aluminum plant located in Salisbury, North Carolina. Plaintiff worked for Defendant as a maintenance electrician from 1967 to 1998, and then returned to work at Defendant's plant in 2000. On 18 June 2002, Plaintiff filed a claim alleging that he had been exposed to asbestos products while working for Defendant and that he was entitled to receive workers' compensation benefits for asbestosis and asbestos-related pleural disease.

Plaintiff's claim was initially pursued against four insurance carriers, each of whom had provided workers compensation coverage for Defendant during the period of Plaintiff's employment—National Union Fire Insurance Company c/o GAB Robins of North America, Inc.; Argonaut Insurance Company; Royal Sun Alliance; and ACE USA/Cigna. Subsequently, the parties stipulated, with the approval of Deputy Commissioner George T. Glenn II, that Defendant ACE USA/Cigna would be responsible for providing any coverage relating to Plaintiff's claim, leading Plaintiff to dismiss his claim as to National Union, Argonaut, and Royal Sun Alliance.

On 17 April 2003, Plaintiff filed a Form 33 requesting that his claim be assigned for hearing. ACE USA/Cigna filed a Form 61 denying the compensability of Plaintiff's claim on 23 February 2004. On 23 February 2004, Plaintiff filed a motion requesting that Defendants' defenses be stricken as a result of their failure to file a Form 61 within ninety days of the date upon which he filed his claim as required by N.C. Gen. Stat. § 97-18(d). On or around 25 February 2004,

Deputy Commissioner Glenn determined that, since Defendants "had not filed a Form 61 within 90 days of the initiation of [P]laintiff's claim," they were "barred . . . from disputing the compensability of [Plaintiff's] claim."

Plaintiff's claim came on for hearing before Deputy Commissioner Glenn on 1 March 2004. On 8 March 2005, Deputy Commissioner Glenn entered an Opinion and Award in which he found that neither Defendant had filed a Form 61 denying the compensability of Plaintiff's claim in a timely manner, that Defendants had failed to properly respond to discovery, and that Plaintiff was entitled to receive workers' compensation benefits on the grounds that he had established that he was disabled as the result of having contracted an occupational disease. As a result, Deputy Commissioner Glenn awarded Plaintiff compensation for injury to his lungs and pleura, increased this award by 10% because Plaintiff's injury resulted from "the willful failure of the employer to comply with statutory requirement[s]," and ordered Defendants to pay Plaintiff's attorney's fees on the grounds that the "defense of this matter was not based upon reasonable grounds but was based upon stubborn and unfounded litigiousness[.]"

Defendants appealed to the Commission from Deputy Commissioner Glenn's order. On 12 September 2005, the Commission, by means of an order issued by Commissioner Christopher Scott with the concurrence of Chair Buck Lattimore and Commissioner Pamela T. Young, concluded that "[t]he appealing party has shown good ground to reconsider the evidence in this matter[;]" reversed the "verbal Order by Deputy Commissioner Glenn made on or about February 25, 2004[;]" vacated "the March 8, 2005, Opinion and Award of Deputy Commissioner Glenn[;]" and remanded "the matter . . . to a deputy commissioner for a full evidentiary hearing on all of the issues in this matter." Although Plaintiff noted an appeal to this Court from the Commission's order, we dismissed his appeal as having been taken from an unappealable interlocutory order on 10 January 2006.

A consolidated hearing involving this and four other cases was held before Chief Deputy Commissioner Stephen T. Gheen beginning 1 May 2006. In an Opinion and Award filed 12 February 2008, Chief Deputy Commissioner Gheen ruled that Plaintiff had developed asbestosis and asbestos-related pleural disease in the course of his employment with Defendant and was, for that reason, entitled to compensation in the amount of $20,000.00 per lung, medical expenses, and the "imposition of a 10% penalty for defendant's willful

failure to comply with [OSHA] requirements for extended periods having known of the presence of asbestos that was a risk to the plaintiff and not eliminating plaintiff's exposure, by abatement or providing protective devices[.]" Chief Deputy Commissioner Gheen did, however, reject Plaintiff's claim for attorney's fees. Both parties appealed to the full Commission from Chief Deputy Commissioner Gheen's order. On December 2008, the Commission, by means of an Opinion and Award issued by Commissioner Christopher Scott with the concurrence of Chair Pamela T. Young and Commissioner Buck Lattimore, affirmed Chief Deputy Commissioner Gheen's order "with minor modifications."

After the entry of the Commission's order, Defendants sent Plaintiff a $44,000 check, with this amount consisting of the compensation award approved by the Commission plus the required 10% penalty, and another check for $9,479.89, which represented interest on the amount of the Commission's award from 1 May 2006, the date of the hearing conducted by Chief Deputy Commissioner Gheen. On 2 April 2009, Plaintiff filed a motion seeking the payment of additional interest covering the period between the date of the 1 March 2004 hearing before Deputy Commissioner Glenn and the 1 May 2006 hearing before Chief Deputy Commissioner Gheen and the payment of a 10% penalty as a sanction for Defendant's failure to pay the entire amount due in a timely manner. In support of this motion, Plaintiff cited N.C. Gen. Stat. § 97-86.2, which provides, in pertinent part, that:

In any workers' compensation case in which an order is issued either granting or denying an award to the employee and where there is an appeal resulting in an ultimate award to the employee, the insurance carrier or employer shall pay interest on the final award or unpaid portion thereof from the date of the initial hearing on the claim, until paid at the legal rate of interest provided in [N.C. Gen. Stat. §] 24-1. . . .

A hearing concerning Plaintiff's motion was conducted before Deputy Commissioner Myra L. Griffin on 10 August 2009. On 30 September 2009, Deputy Commissioner Griffin entered an Opinion and Award denying Plaintiff's motion on the grounds that "the initial hearing took place in this case before Deputy Commissioner Gheen on May 1, 2006." In view of her conclusion that Plaintiff was only entitled to interest from and after 1 May 2006, Deputy Commissioner Griffin did not address or resolve Plaintiff's request for a 10% penalty. Plaintiff appealed to the Commission, which issued an Opinion and

Award on 5 April 2010 affirming Deputy Commissioner Griffin's decision "with minor modifications." Plaintiff noted a timely appeal to this Court from the Commission's order.

## II. Legal Analysis

On appeal, Plaintiff argues that the Commission erred by concluding that the hearing held before Deputy Commissioner Glenn on 1 March 2004 did not constitute the "initial hearing" concerning Plaintiff's claim for purposes of N.C. Gen. Stat. § 97-86.2. Plaintiff's contention has merit.

In the course of rejecting Plaintiff's request for the payment of additional interest on the principal amount of compensation that he was awarded, the Commission found facts in accordance with the factual summary set forth above and, in addition, found that:

> Plaintiff contends that the initial hearing of this claim, for purposes of awarding interest, is the March 1, 2004 hearing before Deputy Commissioner Glenn. However, the Full Commission finds that the March 1, 2004 hearing before Deputy Commissioner Glenn was *not* a hearing on the merits because of Deputy Commissioner Glenn's verbal order barring defendants from disputing the compensability of plaintiff's claim. Moreover, the February 12, 2008 Opinion and Award of Deputy Commissioner Glenn, based upon the proceedings of the March 1, 2004 hearing, was ultimately *vacated* by the Full Commission and, thus, has no effect in law. To award interest from the date of a hearing that was not on the merits, and upon which the Deputy Commissioner's Opinion and Award was ultimately *vacated* would be an abuse of the Commission's discretion. Thus, for purposes of awarding interest in this claim, the Full Commission finds that the initial hearing of this matter took place before Deputy Commissioner Gheen on May 1, 2006, with a full evidentiary hearing on the merits.

In light of these findings of fact, the Commission concluded as a matter of law that "[i]nterest due to [P]laintiff pursuant to the December 5, 2008 Full Commission Opinion and Award shall be calculated from May 1, 2006, the date of the full evidentiary hearing on the merits before Deputy Commissioner Gheen."

As a preliminary matter, we note that, although the Commission characterizes the first of the two statements as a "finding of fact," we believe that it is, in reality, a conclusion of law. " 'Findings of fact are

statements of what happened in space and time.' " *Zimmerman v. Appalachian State Univ.*, 149 N.C. App. 121, 130, 560 S.E.2d 374, 380 (2002) (quoting *State ex rel. Utilities Comm. v. Eddleman*, 320 N.C. 344, 352, 358 S.E.2d 339, 346 (1987)). " 'A 'conclusion of law' is a statement of the law arising on the specific facts of a case which determines the issues between the parties. . . . As a general rule[,] . . . any determination requiring the exercise of judgment, or the application of legal principles, is more properly classified a conclusion of law.' " *Wiseman Mortuary, Inc. v. Burrell*, 185 N.C. App. 693, 697, 649 S.E.2d 439, 442 (2007) (quoting *In re Everette*, 133 N.C. App. 84, 85, 514 S.E.2d 523, 525 (1999)). "We will review conclusions of law *de novo* regardless of the label applied by the trial court." *Zimmerman*, 149 N.C. App. at 131, 560 S.E.2d at 380 (citing *Carpenter v. Brooks*, 139 N.C. App. 745, 752, 534 S.E.2d 641, 646, *disc. review denied*, 353 N.C. 261, 546 S.E.2d 91 (2000)). Thus, we will examine *de* novo the correctness of the Commission's determination, which is reflected in both its findings and conclusions, that the initial hearing held in this case for purposes of N.C. Gen. Stat. § 97-86.2 was the 1 May 2006 hearing held before Chief Deputy Commissioner Gheen rather than the 1 March 2004 hearing held before Deputy Commissioner Glenn.

As we have previously indicated, Plaintiff sought the payment of additional interest pursuant to N.C. Gen. Stat. § 97- 86.2, which provides that, "[i]n any workers' compensation case in which . . . there is an appeal resulting in an ultimate award to the employee, the insurance carrier or employer shall pay interest on the final award . . . from the date of the initial hearing on the claim." In the event that " 'the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.' " *In re D.L.H.*, 364 N.C. 214, 221, 694 S.E.2d 753, 757 (2010) (citation omitted). We conclude that the relevant portion of N.C. Gen. Stat. § 97-86.2 for purposes of this case, which focuses on "the date of the initial hearing on the claim," is clear and unambiguous and does not require additional construction.

"[W]ords in a statute are normally given their natural and recognized meanings. . . . 'Initial' is defined in Webster's Third New International Dictionary (1976) to mean 'of or relating to the beginning: marking the commencement: incipient, first.' " *Tetterton v. Long Manufacturing Co.*, 314 N.C. 44, 55, 56, 332 S.E.2d 67, 73, 74 (1985) (citing *Sheffield v. Consolidated Foods*, 302 N.C. 403, 276 S.E.2d 422

(1981)). Thus, N.C. Gen. Stat. § 97-86.2 clearly and unambiguously provides that interest on a workers' compensation award will begin accruing on the date of the first hearing held with respect to a plaintiff's claim. *See Strickland v. Carolina Classic Catfish, Inc.*, 127 N.C. App. 615, 616-17, 492 S.E.2d 362, 363 (1997), *disc. rev. denied*, 347 N.C. 585, 502 S.E.2d 617 (1998) (stating that "[t]he first hearing before the deputy commissioner adjudicating the merits of the employee's claim is the 'initial hearing on the claim' within the meaning of section 97-86.2.").

The record clearly establishes that, on 1 March 2004, Deputy Commissioner Glenn conducted a hearing concerning Plaintiff's claim for workers' compensation benefits and that he entered an order awarding Plaintiff workers' compensation benefits on 8 March 2005. According to the plain language of the relevant statutory provision, it is clear that the 1 March 2004 hearing was the first hearing on Plaintiff's claim and constituted the "initial hearing" from whose date interest should be calculated for purposes of N.C. Gen. Stat. § 97-86.2 and that the Commission erred by concluding otherwise. In reaching this conclusion, we have considered and rejected each of Defendant's arguments in support of reaching a contrary conclusion.

After the entry of Deputy Commissioner Glenn's order, the Commission reversed his pretrial ruling that Defendants' had waived the right to contest the compensability of Plaintiff's claim, vacated his order, and remanded Plaintiff's claim for a "full evidentiary hearing." In concluding that the hearing held before Deputy Commissioner Glenn was not an initial hearing for purposes of N.C. Gen. Stat. § 97-86.2, the Commission determined that "the March 1, 2004 hearing before Deputy Commissioner Glenn was *not* a hearing on the merits because of Deputy Commissioner Glenn's verbal order barring defendants from disputing the compensability of plaintiff's claim." In an attempt to persuade us to uphold the Commission's decision with respect to the interest issue, Defendant argues that, as the Commission concluded, the 1 March 2004 hearing before Deputy Commissioner Glenn was not a valid "hearing on the merits" because, prior to the hearing, Deputy Commissioner Glenn barred Defendants from contesting the compensability of Plaintiff's claim given their failure to file a Form 61 in a timely manner. We disagree.

The Commission's decision that Deputy Commissioner Glenn's decision depriving Defendants of the ability to present certain defenses or to challenge the compensability of Plaintiff's claim was

tantamount to a determination that the hearing held before Deputy Commissioner Glenn did not "count" as an "initial hearing" for purposes of N.C. Gen. Stat. § 97-86.2. In reaching this conclusion, the Commission effectively read into the relevant statutory language a requirement that interest accrues from the date of the initial hearing held for the purpose of addressing the merits of the plaintiff's claim at which the defendant was allowed to present any and all defenses to the plaintiff's claim that the Commission ultimately concluded should have been litigated. No such requirement appears anywhere in N.C. Gen. Stat. § 97-86.2, which speaks merely of the "initial hearing," regardless of whether the decision resulting from that hearing withstands further review. In view of the fact that Deputy Commissioner Glenn's decision addressed the extent to which Plaintiff was entitled to receive workers' compensation benefits, it clearly addressed the merits of Plaintiff's claim, albeit in a legally erroneous way. Simply put, contrary to the Commission's conclusion and Defendants' argument, the fact that Deputy Commissioner Glenn erroneously deprived Defendants of the right to raise certain issues does not establish that the hearing which led to the entry of his order did not constitute an initial hearing concerning the merits of Plaintiff's claim.

Aside from its inconsistency with the relevant statutory language, the Commission's interpretation of N.C. Gen. Stat. § 97-86.2 effectively defeats the purpose for which that statutory provision was enacted. As this Court has previously noted, "the goals of awarding interest [in connection with a workers' compensation claim] include the following: '(a) To compensate a plaintiff for loss of the use value of a damage award or compensation for delay in payment; (b) to prevent unjust enrichment to a defendant for the use value of the money, and (c) to promote settlement.' " *Childress v. Trion, Inc.*, 125 N.C. App. 588, 592, 481 S.E.2d 697, 699 (quoting *Powe v. Odell*, 312 N.C. 410, 413, 322 S.E.2d 762, 764 (1984)), *rev. denied*, 346 N.C. 276, 487 S.E.2d 541 (1997). In this case, the Commission vacated the order entered by Deputy Commissioner Glenn stemming from the 1 March 2004 hearing because Deputy Commissioner Glenn erroneously ruled that Defendants were precluded from contesting the compensability of Plaintiff's claim based on their failure to file a Form 61 in a timely manner. The fact that Deputy Commissioner Glenn's initial decision was legally erroneous should not, however, obscure the fact that Plaintiff was ultimately determined to be entitled to collect workers' compensation benefits as the result of his exposure to asbestos in Defendant Norandal's facility. Given that Plaintiff ultimately pre-

vailed with respect to the compensability issue, the fact that Deputy Commissioner Glenn erroneously deprived Defendants of the right to contest the compensability issue provides no logical basis for failing to "compensate [Plaintiff] for loss of the use value of [his] damage award or compensate[e him] for delay in payment."

The Commission also concluded that, because Deputy Commissioner Glenn's decision was "ultimately vacated," the hearing that led to entry of his order "ha[d] no effect in law" and could not, for that reason, provide an appropriate date upon which to calculate interest with respect to Plaintiff's claim. Once again, however, acceptance of this argument would be tantamount to the addition of a provision to N.C. Gen. Stat. § 97-86.2 that simply does not appear at that location. Simply put, nothing in the relevant statutory language provides any support for construing N.C. Gen. Stat. § 97-86.2 to mean that interest should be calculated from the date of the "initial hearing the result of which is not subsequently vacated." Although the Commission did, in fact, vacate Deputy Commissioner Glenn's decision, its decision to grant Defendants relief from that order does not in any way mean that Deputy Commissioner Glenn's order was not entered following the initial, or first, hearing concerning the merits of Plaintiff's claim.

Finally, we note that the Commission also ruled that "[t]o award interest from the date of a hearing that was not on the merits, and upon which the Deputy Commissioner's Opinion and Award was ultimately vacated would be an abuse of the Commission's discretion." By using such language, the Commission seems to suggest that it had a degree of discretion in determining the date upon which the interest calculation should commence. However, N.C. Gen. Stat. § 97-86.2 explicitly provides that, given the presence of the circumstances delineated in the relevant statutory language, the employer or carrier "shall pay interest on the final award or unpaid portion thereof from the date of the initial hearing on the claim." "It is well established that 'the word 'shall' is generally imperative or mandatory.'" *Multiple Claimants v. N.C. Dep't of Health & Human Servs.*, 361 N.C. 372, 378, 646 S.E.2d 356, 360 (2007) (quoting *State v. Johnson*, 298 N.C. 355, 361, 259 S.E.2d 752, 757 (1979), and citing *State Farm Mut. Auto. Ins. Co. v. Fortin*, 350 N.C. 264, 269, 513 S.E.2d 782, 784-85 (1999), and *Pearson v. Nationwide Mut. Ins. Co.*, 325 N.C. 246, 255, 382 S.E.2d 745, 749 (1989)). As a result, the Commission is required to determine when the date upon which the interest calculation commences by complying with the applicable statutory language, which does not give the Commission any discretion in making the required

determination. Thus, none of the arguments upon which the Commission relied in reaching its decision justify disregarding the plain language of N.C. Gen. Stat. § 97-86.2.

## III. Conclusion

Therefore, for the reasons set forth above, we conclude that the "initial hearing" concerning Plaintiff's claim for purposes of N.C. Gen. Stat. § 97-86.2 was held on 1 March 2004, so that Plaintiff was entitled to receive interest on his award from and after that date. As a result, given that the Commission reached a contrary conclusion, we conclude that the Commission's order should be, and hereby is, reversed and that this case should be remanded to the Commission for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Chief Judge MARTIN and Judge McGEE concur.