NO. COA13-1348

NORTH CAROLINA COURT OF APPEALS

Filed:  17 June 2014

JAMES J. LEWIS,
     Employee, Plaintiff,

     v.                              North Carolina Industrial
                                     Commission
                                     I.C. No. 265472
N.C. DEPARTMENT OF CORRECTION,
     Employer, SELF-INSURED
     (CORVEL CORPORATION,
     Administrator),
     Defendant.


     Appeal  by  plaintiff-employee  from  Order  of  the  Full

Commission  entered  5  September  2013  by  the  North  Carolina

Industrial  Commission.   Heard  in  the  Court  of  Appeals  19  May

2014.


     *Lennon, Camak & Bertics, PLLC, by S. Neal Camak and Michael
     W. Bertics, for plaintiff-appellant.*

     *Roy  Cooper,  Attorney  General,  by  Deborah  M.  Greene,
     Assistant Attorney General, for defendant-appellee.*


     MARTIN, Chief Judge.


     On  26  March  1996,  plaintiff-employee  James  J.  Lewis  was

awarded  temporary  total  disability  benefits  from  11  September

1994  until  his  return  to  work  along  with  the  cost  of  medical

treatment  for  posttraumatic  stress  disorder  arising  from  his

employment with defendant North Carolina Department of Correction. *Lewis v. N.C. Dep't of Corr.* (*Lewis II*), 167 N.C. App. 560, 561, 606 S.E.2d 199, 200 (2004); *see also Lewis v. N.C. Dep't of Corr.* (*Lewis I*), 138 N.C. App. 526, 526-27, 531 S.E.2d 468, 469 (2000). The Full Commission entered an additional Opinion and Award dated 10 July 2003, concluding that plaintiff's "original compensable injury, post-traumatic stress disorder, exacerbated and aggravated [his] pre-existing diabetes," and awarded payment of medical expenses for treatment for plaintiff's diabetic condition and related periodontal condition. *Lewis II*, 167 N.C. App. at 562-63, 606 S.E.2d at 201-02. Plaintiff continued to receive compensation for temporary total disability pursuant to N.C.G.S. § 97-29.

On 5 February 2010, plaintiff filed a Form 33 to request a hearing because he wished to receive permanent disability benefits pursuant to N.C.G.S. § 97-31, as well as other allowances. The deputy commissioner ruled, *inter alia* as related to the matters presented by this appeal, that plaintiff had reached maximum medical improvement on 19 November 2009 and was entitled to receive permanent benefits pursuant to N.C.G.S. § 97-31, rather than temporary disability benefits under N.C.G.S. § 97-29. As a result, plaintiff was awarded permanent partial disability benefits in a lump sum based on the ratings schedule contained in N.C.G.S. § 97-31, minus the amount of

temporary total disability benefits defendant had paid plaintiff since 19 November 2009, and an additional lump sum for permanent partial disability ratings to body parts and organs not specifically listed in N.C.G.S. § 97-31, pursuant to N.C.G.S. § 97-31(24).

Both parties appealed to the Full Commission which, by an Opinion and Award dated 21 February 2012 and amended 23 May 2012, affirmed the deputy commissioner's award, with the exception that the award for non-listed body parts and organs made pursuant to N.C.G.S. § 97-31(24) was reduced from $127,000 to $95,000. On 3 August 2012, plaintiff filed a motion to require defendant to pay interest on the lump sum award. The Full Commission denied the motion on 23 July 2013 and denied plaintiff's motion for reconsideration on 5 September 2013. In denying the motion, the Full Commission reasoned that the purpose of interest awarded pursuant to N.C.G.S. § 97-86.2 is to compensate an individual for the loss of the use of money to which he is entitled while an appeal is pending. During the pendency of the appeals in the present case, defendant continued to pay plaintiff weekly benefits under N.C.G.S. § 97-29. Thus, the Full Commission reasoned that because an individual cannot receive benefits under both N.C.G.S. § 97-29 and N.C.G.S. § 97-31, none of plaintiff's benefits were past due at the date of the initial hearing or the final award, and no interest was due.

Plaintiff appeals.

_____

On appeal, plaintiff argues the Full Commission should have required defendant to pay interest on the benefits awarded to plaintiff in the 23 May 2012 Opinion and Award from the date of the initial hearing in this dispute. We agree.

Generally, when we review an opinion and award of the Industrial Commission our review is limited to determining: "(1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005). However, we review the Commission's conclusions of law *de novo*. *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004).

In this appeal, we address only the issue of whether defendant is required to pay plaintiff interest pursuant to N.C.G.S. § 97-86.2 on the unpaid portion of plaintiff's benefits from the date of the initial hearing giving rise to this dispute. N.C.G.S. § 97-86.2 states:

> In any workers' compensation case in which an order is issued either granting or denying an award to the employee and where there is an appeal resulting in an ultimate award to the employee, the insurance carrier or employer *shall pay interest on the final award or unpaid portion thereof* from the date of the initial hearing on the claim, until paid at the legal rate of interest

> provided in G.S. 24-1. If interest is paid it shall not be a part of, or in any way increase attorneys' fees, but shall be paid in full to the claimant.

N.C. Gen. Stat. § 97-86.2 (2013) (emphasis added).

In the past, when interpreting the word shall, our courts have stated: "It is well established that 'the word "shall" is generally imperative or mandatory.'" *Multiple Claimants v. N.C. Dep't of Health & Human Servs.*, 361 N.C. 372, 378, 646 S.E.2d 356, 360 (2007) (quoting *State v. Johnson*, 298 N.C. 355, 361, 259 S.E.2d 752, 757 (1979)). As a result, if all of the statutory requirements are satisfied then the Commission must apply the statute and has no "discretion in making the required determination." *Puckett v. Norandal USA, Inc.*, 211 N.C. App. 565, 573-74, 710 S.E.2d 356, 362 (2011). Furthermore, we have stated that the goals of this statute are: "'(a) [T]o compensate a plaintiff for loss of the use value of a damage award or compensation for delay in payment; (b) to prevent unjust enrichment to a defendant for the use value of the money, and (c) to promote settlement.'" *Childress v. Trion, Inc.*, 125 N.C. App. 588, 592, 481 S.E.2d 697, 699 (alteration in original) (quoting *Powe v. Odell*, 312 N.C. 410, 413, 322 S.E.2d 762, 764 (1984)), *disc. review denied*, 346 N.C. 276, 487 S.E.2d 541 (1997).

Based on our reading of the statute, plaintiff is entitled

to interest on the award in the 23 May 2012 Opinion and Award from the date of the initial hearing, 27 August 2010, until the date that the award was paid in full for the following reasons. First, the statute says that the "employer *shall* pay interest on the . . . *unpaid portion* thereof from the date of the initial hearing." N.C. Gen. Stat. § 97-86.2 (emphasis added). As discussed earlier, by its use of the word "shall" the statute compels the Commission to award interest on the unpaid portion of an award. Second, the purpose of interest is to compensate an individual for their inability to use the awarded money while an appeal is pending. In this case, plaintiff was unable to use the full amount of his lump sum monetary award in the 6 April 2011 Opinion and Award because defendant did not pay the award while the appeal was pending; defendant did have the benefit of the use of the awarded money during the appeal. Therefore, plaintiff is entitled to interest as compensation for his inability to use the awarded money during his appeal, and defendant is foreclosed from retaining the benefit of being able to use the money during the appeal.

There is no issue of double recovery here. The Full Commission reasoned that plaintiff was not entitled to interest under N.C.G.S. § 97-86.2 because he "received weekly benefits pursuant to N.C. Gen. Stat. § 97-29 throughout the pendency of the litigation," and it would be a double recovery for plaintiff

to receive benefits under N.C.G.S. § 97-31 and N.C.G.S. § 97-29 for the same time period. The 23 May 2012 Opinion and Award, however, prevented this result. The Opinion and Award made the following awards:

> 1. Subject to a reasonable attorney's fee approved herein and *the credit owed defendant for the temporary total disability compensation benefits paid to plaintiff after November 19, 2009,* defendant shall pay permanent partial disability compensation to plaintiff for permanent partial disability ratings to body parts specifically listed in N.C. Gen. Stat. Section 97-31 at the rate of $293.64 per week for a total of 285.6 weeks. This amount shall be paid in a lump sum.

> 2. Subject to a reasonable attorney's fee approved herein, defendant shall pay equitable compensation in the total amount of $95,000.00 for permanent injury to important internal or external organs and body parts pursuant to N.C. Gen. Stat. Section 97-31(24). This amount shall be paid in a lump sum, subject to the attorney fee hereinafter approved.

(Emphasis added.) The Opinion and Award is clear that defendant is entitled to a credit for the total amount of the temporary total disability benefits paid to plaintiff under N.C.G.S. § 97-29. Thus, a double recovery does not occur because the amount paid to plaintiff under N.C.G.S. § 97-29 is deducted from the balance of the permanent partial disability benefits awarded to plaintiff under N.C.G.S. § 97-31. Plaintiff is not collecting benefits under N.C.G.S. § 97-29 and N.C.G.S. § 97-31 at the same time.

In addition, the Full Commission erred in reasoning that none of plaintiff's award was past due. The Full Commission reasoned that because none of plaintiff's benefits were past due at the time of the initial hearing in this matter or when the 23 May 2012 Opinion and Award was entered, plaintiff was not entitled to interest. N.C.G.S. § 97-86.2 states that the "employer shall pay interest on the final award or *unpaid portion* thereof from the date of the initial hearing on the claim." N.C. Gen. Stat. § 97-86.2 (emphasis added). Thus, it does not matter that defendant had made weekly payments to plaintiff during the pendency of the appeal and that none of those payments were past due because the full amount of the lump sum award "became due" as of the date of the initial hearing. Therefore, the statute entitles plaintiff to interest on the unpaid portion of the award from the date of the initial hearing in this matter.

For the reasons stated herein we reverse the 5 September 2013 Order of the Full Commission and remand this case to the Full Commission for issuance of an order consistent with this opinion.

Reversed and remanded.

Judges STEELMAN and DILLON concur.